JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
The defendant-appellant, Donrico Donald, appeals from his conviction for domestic violence. In his two assignments of error, he argues that his conviction was unsupported by sufficient evidence and was against the weight of the evidence. We disagree.
Donald's conviction arose out of an argument that he admitted to having in the hallway of an apartment building with the mother of his child, Marquise Thompson, with whom he was temporarily residing, and her friends. Though he admitted that he used a self-described Tai Kwan Do maneuver to fend off Thompson's flailing arms, he denied pushing her against a wall with sufficient force to have harmed her. He also admitted that he had thrown two kitchen knives in the vicinity of Thompson and her friends immediately afterward, but he claimed that the knives were not thrown at Thompson, but toward a door, and that he was not attempting to inflict harm upon anyone. According to Donald, he had retrieved the knives from the kitchen because he wanted the police, who he knew had been called, to shoot him dead when they arrived.
In a sufficiency-of-the-evidence review, we are concerned solely with whether the state produced enough evidence that, if believed, would have supported the conviction. State v. Martin
(1983), 20 Ohio App.3d 172, 495 N.E.2d 717. For the crime of domestic violence, this would mean that the state must have produced some competent evidence that Donald either knowingly caused or attempted to cause physical harm; that physical harm either occurred or was a possibility; and that the object of the harm was a family or household member. R.C. 2919.25.
In the instant case, there was evidence to support all these elements with respect to Donald pushing Thompson against the wall and throwing the knives at her. Although his testimony attempted to portray both acts as ones committed without harmful intent, there was evidence to the contrary. Thompson testified that, rather than using a practiced martial-arts defensive maneuver, Donald grabbed both her arms and flung her into the wall. Asked how that made her feel, Thompson replied, "It hurt my back." Another witness testified that the force of the impact left a mark on the wall. Although Thompson appeared to believe that Donald was not intending to harm her with the knives, another witness who was there testified that she believed that the knives were thrown at, or at least deliberately near Thompson.
In a weight-of-the evidence review, we are given broader latitude to assess the credibility of the evidence and to disagree with the trier of fact's resolution of conflicting testimony, but only in the exceptional case where the evidence weighs heavily against a conviction. State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541. Having reviewed the record, we are convinced that this is not such a case.
In sum, we hold that Donald's conviction was supported by sufficient evidence and was not contrary to the manifest weight of the evidence. Therefore, his two assignments of error are overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.